UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| NICOLE J. GREEN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-05-4323 |
| § | |
| JOHN E. POTTER, POSTMASTER § | |
| GENERAL, U.S. POSTAL SERVICE, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure or Alternatively Motion for Summary Judgment Pursuant to Rule 56 (Doc. No. 14). For the reasons set forth below, Defendant's Motion for Summary Judgment is **GRANTED**.

### I. BACKGROUND

The undisputed facts are as follows: Plaintiff Nicole J. Green was employed by the United States Postal Service until she received a letter of termination on July 15, 2003. She felt that her termination was the result of employment discrimination based on her sex and in retaliation for filing a previous claim of sexual harassment, so on August 11, 2003, Green filed an internal EEO complaint. She filled out an "Information for Pre-Complaint Counseling" form detailing her allegations. On that form, she listed Mary L. Sinderson, Attorney at Law, as her representative, provided Sinderson's address, and checked the box authorizing Sinderson to represent her. (Def.'s Mot. Dismiss Ex. 11.)

On January 2, 2004, the Postal Service's EEO Office issued a Notice of Right to File Individual Complaint, advising Green that she had fifteen days from her receipt of the letter to

file her formal complaint. This letter was sent to Mary L. Sinderson at the address Green provided on the internal complaint form. The letter was signed for at that address; the signature on the green card reads "J Bonura."

Although Green listed Sinderson as her representative on the complaint form, she never in fact retained Sinderson as her attorney. Green never notified the Postal Service of a change in representative, however. As a result, Green never received the January 2, 2004, right to sue letter. Consequently, her complaint was not filed within fifteen days of the letter, as required. The complaint was not filed until August 29, 2005, more than nineteen months past the deadline.

## II. LEGAL STANDARD

Defendant has styled his motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), or alternatively as a motion for summary judgment pursuant to Rule 56. At issue in a 12(b)(1) motion is the Court's subject matter jurisdiction, but the Supreme Court has held that a timely filing of a charge of discrimination is not a jurisdictional prerequisite to a Title VII action. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). Thus, because the Court has subject matter jurisdiction over Green's Title VII claim, Defendant's motion will be treated as a motion for summary judgment.

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. *See* Fed. R. Civ. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (internal quotation marks omitted). A genuine issue of material fact exists "if the

evidence is such that a reasonable jury could enter a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). This Court must view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Id.* at 255.

### III. ANALYSIS

The Code of Federal Regulations requires that a formal complaint be filed within fifteen calendar days of receiving notice of the right to file a formal complaint. 29 C.F.R. § 1614.106(b). Failure to file within this time period is grounds for dismissal because the claimant has failed to timely exhaust his or her administrative remedies. *See, e.g., Ross v. Runyon*, 858 F. Supp. 630, 637 (S.D. Tex. 1994) ("Failure either to notify an EEO counselor or file a claim in a timely fashion bars a complaint filed in federal court, absent an adequate showing by the employee of waiver, estoppel or equitable tolling.").

Here, it is undisputed that Green failed to file her formal complaint within fifteen days. She asks, however, that the Court apply the doctrine of equitable tolling to her claim. The party who invokes equitable tolling bears the burden of demonstrating that it applies in his or her case. *Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002). The Fifth Circuit has identified three potential bases for equitable tolling: (1) the pendency of a suit between the same parties in the wrong forum; (2) the plaintiff's lack of awareness of the facts supporting his claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about his rights. *Blumberg v. HCA Mgmt. Co.*, 848 F.2d 642, 644 (5th Cir. 1988). Neither excusable neglect nor ignorance of the law will justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007).

Green attempts to argue for equitable tolling under the second prong. She maintains that she did not "receive" the right to sue letter on January 2, 2004, because Sinderson was not her representative, and thus claims that she was not aware of her right to sue. Yet Green represented to the Postal Service in writing that Sinderson was authorized to act on her behalf. The Postal Service cannot be faulted for relying on Green's statements. If the agency relationship between Green and Sinderson no longer existed, the burden fell on Green to inform the Postal Service of the change. This she did not do. Thus, while this Court is always exceedingly reluctant to dispose of a case based on procedural default, under these circumstances it has no choice. Because Green failed to timely exhaust her administrative remedies, her claims must be dismissed.

## IV. CONCLUSION

Defendant's motion for summary judgment is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE**. Each party is to bear its own costs and attorney's fees.

**IT IS SO ORDERED.**

**SIGNED** this 11th day of June, 2007.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT